IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RINALDO EUGENE NORRIS**                                                             **PLAINTIFF**

**v.**                                                                                                     **No. 3:22CV36-JMV**

**WARDEN JESSIE WILLIAMS, ET AL.**                                       **DEFENDANTS**

**ORDER *DISMISSING DEFENDANTS* WARDEN SIMON, COMMISSIONER BURL CAIN, AND SUPERINTENDENT TIMOTHY MORRIS; *DISMISSING PLAINTIFF'S ALLEGATIONS REGARDING*: (1) NO FOOD FROM THE CANTEEN; (2) AMOUNT OF YARD CALL; (3) NUMBER OF SHOWERS PER WEEK; (4) INABILITY TO PURCHASE TOBACCO PRODUCTS; AND (5) PLACING MIND-ALTERING DRUGS IN FOOD AND DEVICES INSIDE HIS BODY.**

On June 3, 2024, the court issued an order [20] for the plaintiff to show cause why certain allegations and certain defendants should not be dismissed with prejudice from this case. The plaintiff did not respond to the order; the deadline to do so has expired, and the matter is ripe for resolution. For the reasons set forth below, defendants Warden Simon, Commissioner Burl Cain, And Superintendent Timothy Morris will be dismissed with prejudice from this case. In addition, the following allegations by the plaintiff will be dismissed with prejudice for failure to state a claim upon which relief could be granted: (1) No food from the canteen; (2) One hour of yard call twice per week; (3) Two showers per week; (4) Inability to purchase tobacco products; and (5) Placing mind-altering drugs in the plaintiff's food and devices inside his body.

### Allegations[1]

Rinaldo Eugene Norris is a homosexual prisoner with the Mississippi Department of Corrections who prefers to dress as a woman and has undergone mental health treatment. He believes

---

[1] In the interest of completeness and clarity, the court has drawn the allegations and discussion in the present order from the previously entered show cause order [20].

that his appearance and manner raise the risk of assault against him during his incarceration. The allegations involve his stay at the Marshall County Correctional Facility in Holly Springs, Mississippi, from 2020 to 2021, as well as his subsequent stay at the Wilkinson County Correctional Facility ("WCCF.")[2] The court will present the plaintiff's factual allegations in chronological order, then group them by category in the discussion following.

**Assault of July 19, 2020 (MCCF)**

On July 19, 2020, the plaintiff was assaulted on Delta Three Unit of MCCF by several inmates. He does not know their names. He was taken for medical treatment then placed in the Administrative Segregation unit ("Ad Seg"), where Chelsey, a health care professional with VitalCore, believed that Norris' face was broken, and x-rays were taken. He was also given pain medication and an Ace bandage wrap. Ms. Cox and another employee sent the plaintiff for mental health treatment because they believed that he had been sexually assaulted. He was then returned to Ad Seg.

**Assault of October 7, 2020 (MCCF)**

Norris was assaulted again by inmates on October 7, 2020, while he was housed in Delta Two Unit, which is separated from Delta Three "by a door and a wall." He told Warden Jessie Williams, Assistant Warden Bobby Tyler, Head Case Manager Kimberly Smith, and C.I.D. Harris that he feared for his life at MCCF – and requested protective custody. He was placed in Ad Seg again, rather than protective custody. He spoke with mental health providers Mrs. Lori and Ms. Alexander. He told them that he is gay and likes to dress as a woman – and that he needs to be transferred away from MCCF. The mental health providers relayed this information to Jessie Williams, Bobby Tyler,

---

[2] Norris has offered no allegations implicating a violation of his rights during his stay at Parchman.

Kimberly Smith, and C.I.D. Harris. Norris remained in Ad Seg.

### Assault of December 24, 2020 (MCCF)

The Gangster Disciples Mobb Department attacked Norris when he was again housed in Delta Three. He was taken in a wheelchair to medical, where he was treated with pain medications and muscle rub – and told that he would be x-rayed later because of the holidays. Staff wheeled him back to the zone, where inmates helped him into his cell. He was x-rayed on January 15, 2021; medical staff told him that his spine may be "messed up," but they would not know for sure until the doctor reviewed the x-rays. He was moved again to Delta Two Unit by Williams, Tyler, Smith, and Harris, even though he informed them that his life was in danger, he needed medical attention, and he should be placed in protective custody.

### Assault of January 28, 2021 (MCCF)

Norris was attacked again during his stay in Delta Two. An inmate attacked him, and he stabbed the inmate with a sharp object. The attacking inmate was homosexual, and Norris believed that the inmate intended to kill or rape him. The plaintiff was again placed in Ad Seg.

### Assault of April 16, 2021 (MCCF)

C.O. Stryder escorted Norris to the office of C.I.D. Harris. Once Stryder departed, Harris conducted a strip-search of Norris, stating that he would date Norris in the free world. Norris "stared at [Harris] in awe." Harris kissed him and asked Norris to perform oral sex on him, which Norris did. Harris then sodomized Norris, told him not to tell anyone, and gave Norris access to contraband to keep him quiet.

### April 20, 2021, Move to Parchman

On April 20, 2021, the plaintiff was moved to Parchman, which he believes to be more hostile than MCCF. He suffered a "mental breakdown" and received weekly mental health treatment. He

believes that, while housed both in General Population and Ad Seg:

> [People] are placing [something] in my food to make me hear voices. The voices tell me all the type of wrong things to do. The whole prison system in Mississippi are trying to take my life and are still putting stuff in my food because of Warden Simon telling them to do so.

Doc. 1 at 10-11.

### October 14, 2021, Move to WCCF

Norris was transferred to WCCF on October 14, 2021, where he alleges that he lost 20 pounds from that date until December 9, 2021, because of insufficient food rations. In addition, Norris believes:

> I am not safe in Mississippi and I ate something I was not suppose to that inmates placed in my food where they can hear or see my thoughts and know my whereabouts at all times. What the inmates placed in my food has my insides bleeding. I know because when I use the bathroom blood comes out.

Doc. 1 at 11. Norris filled out two sick call requests regarding the bleeding, November 12, 2021, and November 13, 2021. He showed an officer the blood in his underwear, and she said that there were not enough staff that day to get him to medical. Doc. 1 at 11. He underwent an examination at medical on November 23, 2021; the doctor drew blood for testing and gave him pain medication. *Id*.

### General Complaints About Norris' Stay at WCCF

(1) Ad Seg inmates at WCCF are not allowed to order food from the canteen, while Ad Seg inmates at other MDOC facilities are allowed to do so. Doc. 1 at 13.

(2) Norris only gets yard call once or twice a week at WCCF. *Id*.

(3) In addition, sometimes the Norris gets only two showers per week due to understaffing at WCCF. *Id*.

(4) Medium custody inmates at WCCF may order tobacco products, but close custody inmates such as Norris may not. *Id*. As a result, Norris and other close custody inmates buy tobacco from medium custody inmates, who charge much higher prices for it. *Id*.

(5) The defendants at WCCF did not provide Norris with sufficient food, leading his losing twenty pounds. *Id*.

**Legal Claims for Relief**

The plaintiff's allegations implicate several legal claims:

| | | |
|---|---|---|
| (1) | No food from the canteen at WCCF | Not a valid claim for relief |
| (2) | Only one hour of yard call twice per week | Not a valid claim for relief |
| (3) | Only two showers per week | Not a valid claim for relief |
| (4) | No access to reasonably priced tobacco | Not a valid claim for relief |
| (5) | Insufficient food leading to weight loss | States a claim for relief |
| (6) | Failure to protect from attack | States a claim for relief |
| (7) | Placing mind-reading drugs in food | No claim – Delusional |
| (8) | Sexual assault | States a claim for relief |

**No Food from the Canteen at WCCF**

As there is no constitutional right to food from the canteen, Norris' allegation that he was denied canteen food will be dismissed for failure to state a claim upon which relief could be granted.

**One Hour of Yard Call Twice Per Week**

Norris also alleges that the defendants violated his Eighth Amendment rights by providing him the opportunity for yard call only twice per week during his stay at WCCF. First, neither prisoners nor pretrial detainees have a constitutional right to outdoor exercise or recreation. *Jones v. Diamond*, 594 F.2d 997, 1012-13 (5th Cir. 1979). In addition, an inmate seeking damages in a claim under 42 U.S.C. § 1983 from lack of exercise must show that he suffered some injury (such as atrophy of his muscles) as a result of the denial of movement. *See Callicutt v. Panola Cnty. Jail*, 200 F.3d 816 (5th Cir. 1999). Further, the opportunity for indoor exercise

can meet the constitutional minimum, even when an inmate has been denied outdoor exercise entirely for a five-year period. *Wilkerson v. Maggio*, 703 F.2d 909, 911–12 (5th Cir. 1983). Norris has not alleged physical injury from his limited opportunity for yard call; nor has he alleged that he was prevented somehow from exercising in his cell. For these reasons, his allegation of limited yard call will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

**Two Showers Per Week**

The plaintiff further alleges that the WCCF defendants permitted him to shower only twice per week. This allegation also fails to state a valid constitutional claim:

> A number of courts have held that one or two showers a week is sufficient to satisfy constitutional requirements. *E.g., Krist v. Smith*, 309 F. Supp. 497, 498 (S.D. Ga. 1970) (approving confinement despite a number of harsh conditions, including restriction to two showers a week), aff'd per curiam, 439 F.2d 146 (5th Cir. 1971); *Lake v. Lee*, 329 F.Supp. 196, 199 (S.D. Ala. 1971) (*see also McCray v. Sullivan*, 509 F.2d 1332, 1335 (5th Cir.) (refusing to reopen this part of *Lake v. Lee* decree), cert. denied, 423 U.S. 859, 96 S.Ct. 114, 46 L.Ed.2d 86 (1975)); *Preston v. Thompson*, 589 F.2d 300, 302-03 (7th Cir. 1978) (district court ordered that prisoners be allowed two showers a week); *Sostre v. McGinnis*, 442 F.2d 178, 186, 191-94 (2d Cir. 1971) (en banc) (restriction to one shower a week, together with other harsh conditions, not cruel and unusual), cert. denied, 404 U.S. 1049, 405 U.S. 978, 92 S.Ct. 719, 1190, 30 L.Ed.2d 740, 31 L.Ed.2d 254 (1972); *Jordan v. Arnold*, 472 F.Supp. 265, 268 (M.D. Pa.1979) (describing earlier court order mandating two showers a week), appeal dismissed, 631 F.2d 725 (3d Cir. 1980).

*Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982), n. 6. For this reason, the plaintiff's allegation regarding frequency of showers will be dismissed with prejudice for failure to state a constitutional claim.

**No Access to Reasonably Priced Tobacco.**

Norris alleges that inmates of a less restrictive custody level are permitted to buy tobacco, while those of his custody level are not. As inmates have no right to tobacco products, this claim is without merit and will be dismissed with prejudice for failure to state a constitutional claim.

Similarly, Norris has failed to state a valid equal protection claim because he has not alleged that a state actor intentionally discriminated against him because of his membership in a protected class. *Williams v. Bramer*, 180 F.3d 699 (5th Cir. 1999). The equal protection clause directs states to treat all similarly situated persons alike. *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). The facility's assignment of inmates to a certain security classification does not create a protected class. Indeed, the inmates in this case are *not* similarly situated precisely because they are assigned different custody classifications based on a variety of factors. As such, the plaintiff's allegations regarding access to tobacco will also be dismissed for failure to state a constitutional question.

**Placing Mind-Altering Substances in the Plaintiff's Food – and a Device Inside His Body**

The plaintiff alleges that someone is placing a substance in his food that permits others to read and see his thoughts – and to know his location. He also believes that someone has placed a device inside his body. The law empowers judges to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . . Examples . . . are claims describing fantastic or delusional scenarios . . . ." *Neitzke v. Williams*, 490 U.S. 319, 327, 198 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). As these allegations are delusional, they will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

**Defendants to Be Dismissed for Lack of Personal Involvement**

The plaintiff has alleged no personal involvement of the following defendants as to any of his allegations: Warden Simon, Commissioner Burl Cain, and Superintendent Timothy Morris. In a § 1983 action, liability may not be imposed upon a supervisor on a theory of *respondeat superior* for the actions of non-policy making employees. *Monell*, 436 U.S. at 690-

94; *see Doe v. Rains County Independent School District*, 66 F.3d 1402, 1409 (5th Cir. 1995); *Brown v. Bryan County, Texas*, 53 F.3d 1410, 1418 (5th Cir. 1995). To establish supervisor liability under § 1983, a plaintiff must demonstrate that the defendant established an official policy or custom which caused the constitutional violation alleged. *Piotrowski v. City of Houston*, 51 F.3d 512, 517 (5th Cir. 1995); *Colle v. Brazos County, Texas*, 981 F.2d 237, 244 (5th Cir. 1993). Norris has alleged no facts to show that any of these defendants implemented an official policy that caused the alleged constitutional violation; nor has he established a persistent pattern of conduct by any of these defendants that caused the alleged violation. Neither has Norris set forth facts showing the direct involvement of these defendants in the alleged violation of his constitutional rights. As such, these three defendants will be dismissed with prejudice from this case.

## Conclusion

In sum, the following *allegations* are **DISMISSED** with prejudice from this case:

(1) No food from the canteen;

(2) One hour of yard call twice per week;

(3) Two showers per week;

(4) Inability to purchase tobacco products; and

(5) Placing mind-altering drugs in the plaintiff's food and devices inside his body.

In addition, the following *defendants* are **DISMISSED** with prejudice from this case because the plaintiff does not allege that they were personally involved in the alleged violations: (1) Warden Simon, (2) Commissioner Burl Cain, and (3) Superintendent Timothy Morris.

**SO ORDERED**, this, the 23rd day of September, 2024.

/s/  Jane M. Virden  
UNITED STATES MAGISTRATE JUDGE